UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| AMANDA MEYER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:07-CV-915 (JCH) |
| ) | |
| CHOICE HOTELS INTERNATIONAL, ) | |
| INC., et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

The matter is before the Court on Plaintiff's Motion to Remand (Doc. No. 6), filed May 15, 2007, and Plaintiff's Motion for Leave to File First Amended Complaint (Doc. No. 10), filed May 30, 2007. The matter is briefed and ready for a decision.[1]

## BACKGROUND

On March 29, 2007, Plaintiff filed her Petition for Damages ("Complaint") in the Circuit Court of Franklin County, Missouri. (Notice of Removal, Doc. No. 1 Ex. A). The Complaint alleges that Plaintiff's employer, Defendant Dilipkumar Patel, sexually harassed her on multiple occasions in 2005. (Id. at ¶ 5-12). It also alleges that Defendants "discriminated against [her] with respect to the terms, conditions and/or privileges of employment on the basis of [her] gender/sex and/or age." (Id. at ¶ 12). Plaintiff asserts that "Defendants' ... conduct had the purpose and/or effect of substantially interfering with Plaintiff's work performance and/or creating an intimidating hostile and/or offensive working environment." (Id.). The Complaint states that Plaintiff received right-to-sue

---

[1]The Motion for Leave (Doc. No. 10) is in essence a reply to Defendants' Memorandum in Opposition to Remand (Doc. No. 8) rather than a new motion.

- 1 -

letters from both the Missouri Commission on Human Rights and the United States Equal Employment Opportunity Commission ("EEOC").[2] (Id. at ¶ 16).

On May 7, 2007, Defendants removed the case to this Court on the basis of federal question jurisdiction. (Notice of Removal, Doc. No. 1). On May 15, 2007, Plaintiff filed a motion to remand asserting that the Complaint does not state a federal claim and that the Court should allow her to amend the Complaint to delete the EEOC reference. (Mot. to Remand, Doc. No. 6; Mot. for Leave to File Am. Compl., Doc. No. 10).

## DISCUSSION

On a motion to remand, the party seeking removal and opposing remand bears the burden of establishing the Court's jurisdiction. In re Bus. Men's Assur. Co. of Am., 992 F.2d 181, 183 (8th Cir. 1993). Removal statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of remand. Manning v. Wal-Mart Stores E., Inc., 304 F. Supp. 2d 1146, 1148 (E.D. Mo. 2004) (citation omitted).

**I.     Does the Complaint Raise a Federal Question**

The Court must first determine whether the Complaint satisfies 28 U.S.C. § 1331[3] because federal courts are courts of limited jurisdiction. Kessler v. Nat'l Enters., Inc., 347 F.3d 1076, 1081 (8th Cir. 2003). Federal courts require notice pleading, meaning that a complaint must contain only "a short and plain statement of the claim showing the pleader is entitled to relief." See Fed. R. Civ. P. 8(a)(2). To past muster, this statement must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N. A., 534 U.S.

---

[2]The Complaint makes no other references to federal law.

[3]The statute provides "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

506, 512 (2002) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In the context of employment discrimination, a complaint containing factual allegations of discrimination with an EEOC right-to-sue letter attached to it alleges a claim under Title VII[4]. Page v. Ark. Dep't of Corr., 222 F.3d 453, 454 (8th Cir. 2000); see Judkins v. Beech Aircraft Corp., 745 F.2d 1330, 1331-32 (11th Cir. 1994) (filing of EEOC complaint and right-to-sue letter with the district court alleges a complaint under Title VII).

Here, the Complaint sets out the factual circumstances behind the alleged discrimination and references an EEOC right-to-sue letter. Under the liberal pleading requirements of the Federal Rules of Civil Procedure, Plaintiff has alleged a cause of action under Title VII.

## II.     **Can Plaintiff Amend her Complaint?**

Plaintiff also alleges that federal jurisdiction no longer exists because she can amend the Complaint under Fed. R. Civ. P. 15. (Doc. No. 11). Defendants assert that the propriety of removal is determined at the time of removal, not by subsequent events. (Doc. No. 7).

Because Defendants have already filed a responsive pleading, Plaintiff can only amend the Complaint if the Court grants her leave to do so. Fed. R. Civ. P. 15(a). Rule 15(a) instructs that "leave shall be freely given when justice so requires." Id. This mandate must be heeded and the following factors are used when determining whether to grant a Rule 15(a) motion: (1) undue prejudice to the opposing party; (2) undue delay; (3) bad faith or dilatory motive; and (iv) futility of amendment. See Forman v. Davis, 371 U.S. 178, 182 (1962).

Upon consideration, the Court will grant Plaintiff leave to amend the Complaint. Defendants will not be prejudiced by this amendment, as Plaintiff is dismissing one of its claims against them. This case was only recently filed, negating any inference of delay. Although Plaintiff is amending the Complaint to destroy federal jurisdiction, this fact does not mean that she is acting in bad faith. See

---

[4]Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

Shilling v. Northwestern Mut. Life Ins. Co., 423 F. Supp. 2d 513, 519 (D. Md. 2006) (dismissing federal claim, even when the dismissal destroys federal jurisdiction, is not evidence of bad faith because a plaintiff is entitled to allege whatever claims he chooses); see also Baddie v. Berkeley Farms, Inc., 64 F.3d 487, 490 (9th Cir. 1995); Kimsey v. Snap-On Tools Corp., 752 F. Supp. 693, 695 (W.D.N.C. 1990). It is not a futile amendment because it creates the possibility of remand. Finally, courts, in similar circumstances to the one at bar, have allowed plaintiffs to amend their complaints. Shilling, 423 F. Supp. 2d at 519; Fleeman v. Toyota Motor Sales, U.S.A., Inc., 288 F. Supp. 2d 726, 728 (S.D. W. Va. 2003); MIllar v. Bay Area Rapid Transit Dist., 236 F. Supp. 2d 1110, 1116 (N.D. Cal. 2002); Riley v. Carson Pirie Scott & Co., 946 F. Supp. 716, 717-18 (E.D. Wis. 1996).

### III. Remand

Once a case is properly removed, as it was here, a plaintiff may not amend the complaint solely to defeat federal jurisdiction. See Zuurbier v. MedStar Health, Inc., 306 F. Supp. 2d 1, 5 (D.D.C. 2004); see also Quinn v. Ocwen Fed. Bank FSB, 470 F.3d 1240, 1248 (8th Cir. 2007). The Court can, in its discretion, remand the case to state court if the plaintiff removes the federal claims. See Carnegie-Mellon v. Cohill, 484 U.S. 343, 357 (1988); Kan. Pub. Employees Ret. Sys. v. Reimer & Koger Assoc., Inc., 77 F.3d 1063, 1067-68 (8th Cir. 1996). When making this determination, the Court balances the interests of "judicial economy, convenience, fairness and comity." Grain Land Coop v. Kar Kim Farms, Inc., 199 F.3d 983, 993 (8th Cir. 1999). Federal courts will usually find that the balance of interests "will point toward declining to exercise jurisdiction over the remaining state law claims." In re Canadian Import Antitrust Litig., 470 F.3d 785, 792 (8th Cir. 2007).

Upon consideration, the Court declines to exercise jurisdiction over this case. The Court's involvement with this case is insubstantial, consisting only of this memorandum. It does not appear

that either party will be significantly inconvenienced by a remand. The Court believes that having a Missouri court decide issues of Missouri law promotes justice due to that court's superior knowledge and familiarity with Missouri law. Additionally, needless decisions of state law by federal violates the principles of federalism and comity.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Supplement to Motion for Leave to File First Amended Complaint/Petition for Damages (Doc. No.11) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File First Amended Complaint/Petition for Damages (Doc. No. 11) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Remand (Doc. No. 6) is **GRANTED**. An appropriate order of remand will accompany this memorandum and order.

Dated this 12th day of June, 2007.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE